UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX ROCHA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-03-3639 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

### Order Denying Petitioner's Motion To Alter Or Amend Judgment

On March 23, 2005, this Court entered judgment for the respondent and dismissed Petitioner Felix Rocha's petition for a writ of habeas corpus with prejudice. On April 6, 2005, Rocha filed a motion under Fed.R.Civ.P. 59(e) to alter or amend the judgment.

A motion to alter or amend under Fed.R.Civ.P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)(internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law." *Id.* Rocha fails to demonstrate grounds for relief.

First, Rocha argues that this Court erred in denying his claim that his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). This Court found that Rocha failed to exercise sufficient diligence in developing this claim in state court and, alternatively, that the evidence Rocha claimed the State withheld was not material. Rocha argues that he was diligent in state court. While he cites case law in support of this argument, his argument amounts to nothing more than disagreement with this Court's conclusion that he was not diligent. He makes no

argument that this Court erred in concluding that the evidence was not material.

Rocha's argument does not come close to demonstrating plain error. At most, Rocha disagrees with one of the two grounds on which this Court denied his *Brady* claim. Mere disagreement does not demonstrate plain error. The appropriate forum for Rocha's claim that this Court erred is the Court of Appeals.

Rocha also claims that this Court erred in denying his claim that he was denied his rights under the Vienna Convention because the authorities did not advise him of his right, as a Mexican national, to contact the Mexican consulate. While Rocha is correct that the International Court of Justice, in *Case Concerning Avena and Other Mexican Nationals (Mexico v. United States)*, 2004 I.C.J. Rep. 128, found a technical violation of Rocha's rights under the Vienna Convention, it found that there was no substantive violation. As that court stated: "In [Rocha's] case, the Mexican consular authorities learned of their national's detention in time to provide such assistance, either through notification by United States authorities (albeit belatedly in terms of Article 36, paragraph 1 (b)) or through other channels . . . ." *Id.* at ¶ 104. Moreover, the availability of any privately enforceable rights under the Vienna Convention is currently an open question, to be decided by the Supreme Court later this term. The current state of the law in the Fifth Circuit, however, holds that the Vienna Convention creates no privately enforceable rights. *See United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir.), *cert. denied*, 533 U.S. 962 (2001). Accordingly, this Court's decision, at a minimum, accurately reflects the current state of Fifth Circuit law. If the Supreme Court changes that law, then Rocha may try to convince the Fifth Circuit that he is entitled to relief under the Supreme Court's decision. Rocha fails to demonstrate, however, that this Court erred in its application of controlling precedent to

the facts of his case. Accordingly,

IT IS ORDERED THAT Petitioner's Motion to Alter or Amend Judgment (Document 40) is **Denied**.

Signed at Houston, Texas, this 5th day of May, 2005.

Melinda Harmon
United States District Judge